USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6/22/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODOLFO ARAGON,

                        Plaintiff,

    – against –

STATE OF NEW YORK, CITY OF NEW YORK,
DEPARTMENT OF CORRECTIONAL SERVICES,

                        Defendants.

**OPINION AND ORDER**

14-CV-9797 (ER)

Ramos, D.J.:

      Rodolfo Aragon ("Plaintiff"), acting *pro se* and *in forma pauperis*, brings this action against the State of New York ("New York"), the City of New York ("City"), and the Department of Corrections and Correctional Supervision ("DOCCS", and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff alleges that the conditions of his confinement at the Otis Bantum Correctional Center ("Bantum") amount to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff further claims false imprisonment as a result of an unlawful conviction in state court. The City brings the instant motion to dismiss Plaintiff's Amended Complaint ("Am. Compl.") and Second Amended Complaint ("Sec. Am. Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the City's motion to dismiss is hereby GRANTED.

## I. FACTUAL BACKGROUND[1]

Liberally construed, Plaintiff alleges that he was subject to unconstitutional conditions of confinement at Bantum on Rikers Island starting on October 22, 2014. Compl., at 2. Specifically, Plaintiff claims that he was "forced to live in inhumane conditions" due to "insects, ants, roaches, lead poisoning, asbestos, etc." and a "lack of vitamins and food, [and] non-privacy." Am. Compl., at 1. As a result, Plaintiff states he suffers from "external and internal f[u]ngus and [rashes] to body," infections to his lungs and throat as well as mental anguish. Am. Compl., at 1–2.

On October 22, 2014, Plaintiff requested to be moved from Bantum due to these conditions, but was ignored by two prison officials. Compl., Doc. 1-1, at 2. Plaintiff alleges to have requested medical attention on October 22, 2014 due to his exposure to the "inhumane conditions," and claims to have submitted medical grievances on October 23, 2014. Compl., Doc. 1-2, at 1.

In addition, Plaintiff seeks damages based on a false imprisonment claim resulting from an unlawful conviction in state court. Sec. Am. Compl., at 2. Plaintiff claims that he was falsely imprisoned based on "Defendant's guidelines, practices, patterns and procedures," without any further explanation. *Id*.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the instant action on December 8, 2014 against Jane Doe 1, Jane Doe 2, Bantum, and Rikers Island. Compl. On March 20, 2015, the Court dismissed Plaintiff's claims against Bantum because it is not an entity that can be sued. Doc. 13. The Court instructed the

---

[1] The following facts, accepted as true for purposes of the instant motion, are based on Plaintiff's allegations in his Complaint ("Compl.") (Doc. 1), Am. Compl. (Doc. 34), Sec. Am. Compl. (Doc. 43), and Plaintiff's Opposition Memorandum to Defendant's Motion to Dismiss ("Opp. Mem.") (Doc. 48). *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *Walker v. Schult*, 717 F.3d 119, 122 n. 1 (2d Cir. 2013) ("[a] district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

Clerk of the Court to replace Bantum with the City of New York pursuant to Federal Rule of Civil Procedure 21. *Id.*

On August 17, 2015, the Court granted the City's request for an order to show cause on why this action should not be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to keep the Court apprised of his current residence. Doc. 22. After Plaintiff failed to respond to this and two subsequent orders to show cause dated September 4 and October 20, 2015, respectively, Docs. 22–24, the action was dismissed by the Court without prejudice on December 2, 2015. Doc. 25.

Having received a letter from Plaintiff on December 4, 2015 explaining that he had not responded because he had been incarcerated, Doc. 27, the Court vacated the dismissal, requested the Clerk of the Court to reopen the case, and directed Plaintiff to file an Amended Complaint. Doc. 28. On February 22, 2016, Plaintiff filed his Amended Complaint. Doc. 34. On that same day, the Court terminated Plaintiff's claims against Rikers Island, Jane Doe 1, and Jane Doe 2 pursuant to Rule 21.

On March 10, 2016, the Court held an initial conference, during which Plaintiff was granted leave to file a second amended complaint to cure the factual deficiencies in his prior complaints. Doc. 37. The Court provided specific instructions to Plaintiff on the details to be included in the amended pleading.[2] After receiving several extensions of time, *see* Docs. 41–42, Plaintiff filed his Second Amended Complaint on November 15, 2016. On that same day, the Court terminated Plaintiff's claims against the Department of Correctional Services.

---

[2] Specifically, the Court advised: "If you were placed in a cell that was subject to infestation, you should indicate precisely what facility you were in; to the extent that you can describe the cell or state which cell you were in, indicate where you were housed; indicate the dates that this happened; indicate who, if anyone, you complained to; indicate what their response was, if any. […] If there are particular individuals who you say you complained to and who ignored your complaints, you need to indicate who they are because if you only sue the City, then you have a slightly tougher case to make because then you would have to establish that the conditions under which you were housed were part of a practice or policy or custom of the city to keep you and perhaps others in those unsafe conditions." Doc. 37, at 6:16–8:3.

On December 1, 2016, the City filed a motion to dismiss Plaintiff's Amended Complaint and Second Amended Complaint pursuant to Rule 12(b)(6). Docs. 44–45. On January 20, 2017, Plaintiff filed an opposition to Defendant's motion. Opp. Mem. To date, the City has not replied to Plaintiff's opposition memorandum.

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss Standard

On a motion to dismiss pursuant to Rule 12(b)(6), the Court is required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). However, the Court is not required to credit legal conclusions, bare assertions or conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain enough factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Accordingly, a plaintiff is required to support its claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

**B. *Pro Se* Plaintiff**

The same standard applies to motions to dismiss for *pro se* plaintiffs. *See Zapolski v. Fed. Republic of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011). The Court remains obligated to construe a *pro se* complaint liberally, and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nevertheless, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). To survive a motion to dismiss pursuant to Rule 12(b)(6), a *pro se* plaintiff's pleadings still must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 566 U.S. at 678. A *pro se* complaint that "tenders naked assertion[s] devoid of further enhancement" will not suffice. *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

**C. 42 U.S.C. § 1983**

To state a claim under Section 1983, a plaintiff must allege that: (1) defendants were state actors or were acting under color of state law at the time of the alleged wrongful action; and (2) the action deprived plaintiff of a right secured by the Constitution or federal law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Section 1983 does not create any rights, but merely provides "a procedure for redress for the deprivation of rights [already] established." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). Accordingly, a civil rights action brought under Section 1983 will stand only insofar as the plaintiff can prove an actual

violation of his rights under the Constitution or federal law. *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

## IV. DISCUSSION

Liberally construing his pleadings, Plaintiff brings a conditions-of-confinement claim under the Eighth Amendment and a false imprisonment claim against the Defendants. Compl.; Am. Compl.; Sec. Am. Compl.[3] Plaintiff also seeks to impose liability on the City pursuant to Section 1983. Sec. Am. Compl., at 2–3. Plaintiff raises a number of new claims in his opposition to Defendant's motion, including the violation of his constitutional rights under the First, Second, Fifth, Ninth, Fifteenth, Twenty-Fourth and Twenty-Sixth Amendments. Opp. Mem. However, even granting Plaintiff the liberal construction afforded to the submissions of a *pro se* plaintiff, he does not offer any plausible support for such claims. As such, the Court confines its analysis to the conditions-of-confinement claim under the Eighth Amendment, false imprisonment, and the municipal liability.

### A. Eighth Amendment Claim

Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment due to the "inhumane conditions" of his confinement at Bantum. Am. Compl., at 1; Opp. Mem., at 17. Although the Constitution does not mandate comfortable prison settings, prisoners are entitled to "basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989)). Accordingly, prison

---

[3] Plaintiff has failed to plead the same claims or factual allegations in his amended pleadings as in his earlier complaints. The City acknowledges that Plaintiff appears to treat his amended pleadings as supplements to, not replacements of, his earlier complaints. Doc. 45, at 3. "[I]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Accordingly, the Court liberally construes Plaintiff's pleadings by addressing the claims and factual allegations contained in all three of his complaints, regardless of their inconsistency.

officials are required to take "reasonable measure[s] to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996). To establish an Eighth Amendment claim based on conditions of confinement, a plaintiff must allege two elements: (1) objectively, that the deprivation the plaintiff suffered was "sufficiently serious" to deny "the minimal civilized measure of life's necessities," and (2) subjectively, that the defendant acted with a "sufficiently culpable state of mind" associated with the "deliberate indifference" to plaintiff's health or safety. *Trammel v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

### i. Objective Element

To establish the objective element of an Eighth Amendment violation, a plaintiff "must prove that the conditions of his confinement violate contemporary standards of decency." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (citing *Helling*, 509 U.S. at 35–6). More specifically, a plaintiff must show that the conditions of confinement "pose an unreasonable risk of serious damage" to plaintiff's health or safety. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Generally, the "[n]ormal conditions of…confinement do not constitute an Eighth Amendment violation," but "[s]uch confinement is not abnormal unless it is 'without penological justification, grossly disproportionate, or involving the unnecessary and wanton infliction of pain.'" *Branch v. Goord*, No. 05 Civ. 6495 (WHP), 2006 WL 2807168, at *5 (S.D.N.Y. Sept. 28, 2006) (quoting *Smith v. Coughlin*, 784 F.2d 783, 787 (2d Cir. 1984)).

In support of its motion to dismiss, the City argues that Plaintiff has failed to provide sufficient details to determine whether the conditions he was subject to constitute a constitutional deprivation. Doc. 45, at 5. Despite the specific instructions provided by this Court to the

Plaintiff on the necessity to include details in his amended pleadings, *see* Doc. 37, Plaintiff submits only scant factual matter to support his claim. Plaintiff solely alleges that he suffered from "inhumane conditions" as a result of "insects, ants, roaches, lead poisoning, [and] asbestos." Am. Compl., at 1. However, courts have recognized that contemporary standards of decency currently allow for some amount of exposure to vermin and asbestos in prison settings. *See Pack v. Artuz*, 348 F. Supp. 2d 63, 32 (S.D.N.Y. 2004) (plaintiff alleging a conditions-of-confinement claim under Section 1983 may be exposed to "low levels of asbestos exposure" "as reflected in the New York State Industrial Code and OSHA regulations"); *Solomon v. Nassau County*, 759 F. Supp. 2d 251, 258 (E.D.N.Y. 2011) ("conditions that are temporary or occasional have been found not to constitute a sufficiently serious deprivation to sustain a Section 1983 deliberate indifference claim"); *Wang v. Vahldieck*, No. 09 Civ. 3783 (ARR), 2012 WL 119591 at *9 (E.D.N.Y. Jan 9, 2012) (temporary exposure to cockroaches in a dirty cell "does not rise to the sort of conduct held repugnant to the conscience of mankind") (internal quotations omitted). Without offering any details to substantiate the extent of the alleged exposure, Plaintiff's bare allegations do not sufficiently demonstrate that the conditions he was exposed to constitute a substantial risk of serious harm necessary to satisfy the objective element of an Eighth Amendment violation. *Pack*, 348 F. Supp. 2d at 84; *see also Farmer*, 511 U.S. at 837. Therefore, Plaintiff's Eighth Amendment claim must be dismissed.

Determining that a plaintiff failed to satisfy the objective component of an Eighth Amendment claim, courts may dismiss the claim without passing judgment on the subjective component. *See Martinez v. Schriro*, No. 14 Civ. 3965 (KMW), 2017 WL 87049, at *5 (S.D.N.Y. Jan. 9, 2017) (dismissing plaintiff's Eighth Amendment claim solely based on

plaintiff's failure to plead the objective element in his pleadings without analyzing the subjective element).

### B. False Imprisonment Claim

In analyzing false imprisonment claims under Section 1983, the Second Circuit has generally looked to the law of the state in which the arrest occurred. *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006) (citing *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004)). Accordingly, to establish a claim for false imprisonment in New York, a plaintiff must allege: (1) that the defendant intentionally confined plaintiff; (2) that plaintiff was conscious of the confinement and did not consent to it, and (3) that the confinement was not otherwise privileged. *See Jocks v. Tavernier*, 316 F.3d 128, 134–35 (2d Cir. 2003) (quoting *Broughton v. State*, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310, 314 (N.Y. 1975)).

The Court finds that Plaintiff has failed to satisfy any of the requisite elements to establish a cognizable claim for false imprisonment. Nowhere in his pleadings does Plaintiff substantiate his claim with any factual allegations; he simply states that he was falsely imprisoned. Sec. Am. Compl., at 2. Such a threadbare assertion does not state a plausible claim to relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Navarra v. Marlborough Gallery, Inc.*, 820 F. Supp. 2d 477, 485 (S.D.N.Y. 2011) (stating that allegations pled upon belief must be accompanied by facts upon which the belief relies).

Furthermore, Plaintiff's false imprisonment claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 45, at 6. In *Heck*, the Supreme Court held that a complaint must be dismissed if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence…unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 477, 486–7. Thus, to recover damages for a false

imprisonment claim under Section 1983, a prisoner must demonstrate that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–7.

Here, Plaintiff alleges that he was falsely imprisoned and requests relief in the form of his "immediate release/liberty" as well as monetary damages amounting to $9.8 million dollars. Am. Compl., at 1; Sec. Am. Compl., at 2–3. Pursuant to *Heck*, however, he must first demonstrate that said conviction was already invalidated. 512 U.S. at 487. This he fails to do. Therefore, Plaintiff is barred by *Heck* from seeking monetary relief under Section 1983 based on his alleged false imprisonment.

### C. Monell Liability

Plaintiff's constitutional claims against the City are brought pursuant to Section 1983. Sec. Am. Compl., at 3. Although a municipality cannot be held liable under Section 1983 solely on a theory of *respondeat superior*, a Section 1983 claim may be brought against a municipality if the alleged unconstitutional action was the result of an official policy, practice or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–692 (1978). The Second Circuit has established a two prong test for Section 1983 claims brought against a municipality. First, the plaintiff must prove "'the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving [official].'" *Johnson v. City of New York*, No. 06 Civ 09426 (GBD), 2011 WL 666161, at *3 (S.D.N.Y. Feb. 15, 2011) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). Second, the plaintiff must establish a causal connection between the policy or custom and the alleged deprivation of his constitutional rights. *Id*.

To satisfy the first prong of the municipal liability test, a plaintiff must allege the existence of at least one of the following elements: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation; (3) a practice so consistent and widespread that constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees. *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–7 (S.D.N.Y. 2010) (citations omitted).

The Court finds that Plaintiff has failed to meet any of the requisite elements to satisfy the first prong of a municipal liability claim. Plaintiff submits no allegations to indicate the existence of either a formally recognized policy or a consistent and widespread practice adopted by the City. Further, Plaintiff neither alleges that the Bantum prison officials have policymaking authority nor claims that the City failed to train and supervise its employees. Liberally construing the pleadings, Plaintiff seems to allege the existence of a practice adopted by the City solely based on Plaintiff's alleged experience. However, a "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). Without offering any factual support for his conclusory allegations, this Court cannot "infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Therefore, Plaintiff's claims against the City must be dismissed on this basis as well.

**D. Leave to Amend**

In its motion to dismiss, the City requests that the Court deny Plaintiff any further leave to amend his pleading due to his repeated failure to cure the factual deficiencies. Doc. 45, at 8. Denying leave to amend is proper where the amendment would be futile or would result in undue prejudice to the opposing party. *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009). An amendment is considered futile where the plaintiff is unable to demonstrate that he would be able to cure the defects in a manner that would survive a motion to dismiss. *Hayden v. Cnty. Of Nassau*, 180 F.3d 42, 53–54 (2d Cir. 1999).

Here, Plaintiff has been afforded two opportunities to amend his complaint pursuant to orders from this Court that contained specific instructions as to what he was required to plead for his claims to survive. Plaintiff failed to follow the directions contained in those orders. Given that Plaintiff's amended pleadings suffer from the same defects as his initial complaint, leave to file a third amended complaint would be futile. Therefore, the Amended and Second Amended Complaints will be dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth above, the City's motion to dismiss Plaintiff's Amended Complaint and Second Amended Complaint is GRANTED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 44, to mail a copy of this Opinion and Order to Plaintiff, and to close the case.

It is SO ORDERED.

Dated: June 22, 2017
       New York, New York

                                                  Edgardo Ramos, U.S.D.J.